# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRENCE TIMMONS,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.:** |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **AGC FLAT GLASS NORTH** ) | |
| **AMERICA, INC.** ) | |
| Serve Registered Agent: ) | |
| The Corporation Company, Inc. ) | |
| 112 SW 7th Street, Suite 3C ) | |
| Topeka, Kansas 66603 ) | |
| ) | |
| **Defendant.** ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff, Terrence Timmons ("Timmons" or "Plaintiff"), by and through the undersigned counsel, and states and alleges as follows against Defendant AGC Flat Glass North America, Inc. ("AGC" or "Defendant"):

## NATURE OF THE CLAIM

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq*. (Title VII) and for retaliation in violation of Title VII and 42 U.S.C. § 1981.

## PARTIES

2. Plaintiff is an African-American male who resides in the State of Kansas. At all times herein, he was employed by Defendant AGC Flat Glass North America, Inc. ("AGC" or "Defendant") at its location in Spring Hill, Kansas.

3. Defendant is a Delaware corporation, authorized to conduct business in the State of Kansas.

4. At all times mentioned herein, each of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference as Exhibit A*.

8. Plaintiff thereafter received his Notices of Right to Sue pursuant to Title VII. *A true and accurate copy of each Notice is attached hereto and incorporated herein by reference as Exhibit B*.

9. This action has been timely filed with this Court and Plaintiff has fully complied with all administrative prerequisites before filing this action.

**FACTUAL ALLEGATION**

10. Plaintiff began his employment with Defendant on July 8, 2013. During his employment, Plaintiff held the position of a tempering assistant.

11. During his employment, Plaintiff was subjected to harassing comments and conduct by management level employees and/or coworkers because of his race.

12. Within his department, Plaintiff was the only African-American employed at Defendant's Spring Hill, Kansas location with dreadlocks.

13. On July 31, 2013, Plaintiff was written up by a manager in the tempering department for being tardy/absent to work.

14. Regarding the two occasions when Plaintiff was allegedly tardy, he called into work prior to his shift beginning and stated the reason why he would be late or absent.

15. The managers had previously explained to Plaintiff, and other employees, that if a situation occurred where an employee would be late, he would simply need to call the on-site manger beforehand.

16. On August 5, 2013, Kelly Sullivan, a supervisor, confronted Plaintiff regarding his hair.

17. In an incendiary manner, Mr. Sullivan asked "whether it would be too much trouble for [Plaintiff] to put his dreadlocks inside of his coat." Mr. Sullivan did not state there was any imminent safety concern; rather, he would like Plaintiff to "try it out."

18. Though he was hesitant to do so, Plaintiff complied.

19. Plaintiff was never previously told he was required to wear his hair inside his coat, pursuant to the terms of any employee policy.

20. Plaintiff was never told that his hair constituted a safety concern.

21. On August 13, 2013, the aforementioned manager confronted Plaintiff regarding his dreadlocks.

22. The Manager stated that there had been several complaints regarding Plaintiff's dreadlocks. When Plaintiff asked for more information regarding the complaints—e.g., who, when, where, what, and why—the manager would not elaborate.

23. Specifically, Plaintiff stated that the employee handbook did not have any policy regarding dreadlocks, and that any safety concerns were not based on any substantive safety issues, or at least no safety concerns that had been explained to Plaintiff.

24. Further, Plaintiff complained to the manager that there was a Caucasian individual in the plant, with long hair, whom was not receiving similar scrutiny for his hair. The manager stated that they were not going to change the policy for Plaintiff's hair. The manager then asked whether Plaintiff would be willing to wear a bigger coat for purposes of tucking in his hair.

25. In hopes of maintaining his job, Plaintiff told the manager that he would wear the bigger coat.

26. The manager told Plaintiff that he would provide the coat to Plaintiff within several days—he never did so.

27. As a result of Plaintiff's complaints regarding racial animosity, and the bias Defendant had toward Plaintiff because of his hair, Plaintiff's employment with AGC was terminated on August 14, 2013.

28. Plaintiff was subjected to disparate treatment based on his race as compared to similarly situated Caucasian employees in that his work was more closely scrutinized and he was not provided the same assistance as other employees.

29. Plaintiff was subjected to unfair discipline and treatment as compared to similarly situated Caucasian employees.

30. Despite Plaintiff's complaints of race discrimination and Defendant's acknowledgements of such complaints, nothing was done to correct or prevent further discrimination and harassment.

31. Plaintiff thereafter experienced retaliation in addition to further race discrimination.

32. Plaintiff experienced emotional distress as a result of the race discrimination and retaliation.

33. Based on information and belief, Plaintiff was terminated in retaliation for his complaints of discrimination internally.

34. At all times mentioned herein, before and after, the above referenced individuals were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their employment, or their actions were expressly authorized or ratified by Defendant. Defendant is therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I
### Title VII – Racial Discrimination and Harassment

COMES NOW Plaintiff and for Count I of his Complaint against Defendant alleges and states as follows:

35. Plaintiff incorporates by reference the allegations in the preceding paragraph as if fully set forth herein.

36. During the course and scope of Plaintiff's employment, Defendant's representatives acting within the course and scope of their employment, engaged in a pattern and

practice of intentional discrimination and harassment of Plaintiff based on his race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

37. The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

38. The actions and conduct of Defendant's representatives acting within the course and scope of employment created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

39. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

40. Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

41. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

42. Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

43. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

44. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert fees as provided by 42 U.S.C.§ 2000e 5(k); and for such other relief as this Court deems just and proper.

## COUNT II
### Title VII – Retaliation

COMES NOW Plaintiff and for Count II of his Complaint against Defendant states and alleges as follows:

45. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

47. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff being harassed, unfairly disciplined and discharged.

48. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

49. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

50. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

51. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

52. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful retaliation provided by 42 U.S.C. §2000e *et seq*,; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fee provided by 42 U.S.C. §2000e 5k and for such other relief as this Court deems just and proper.

## COUNT III
### Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count III of his Complaint against Defendant alleges and states as follows:

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

54. During the course and scope of Plaintiff's employment, Defendant's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race in the making and enforcing of a contract.

55. Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

56. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

57. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT IV
### 42 U.S.C. §1981 - Retaliation

COMES NOW Plaintiff and for Count IV of his Complaint against Defendant states and alleges as follows:

58. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

60. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff being harassed, unfairly disciplined and discharged.

61. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

62. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

63. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

64. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

65. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that he has been subjected to unlawful retaliation provided by 42 U.S.C. § 1981, *et seq*,; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fee provided by 42 U.S.C. § 1981 and for such other relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on Counts I, II, III and IV alleged herein.

HOLMAN SCHIAVONE, LLC

By: */s/ M. Shaun Stallworth*
M. Shaun Stallworth, KS Fed # 78332
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: sstallworth@hslawllc.com

ATTORNEYS FOR PLAINTIFF